UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID L. REYNOLDS,

        Plaintiff,

v.

        Case No. 12-CV-14520
        HON. GEORGE CARAM STEEH

EMPIRE FINANCIAL NETWORK,
US BANK N.A., and THE FEDERAL
HOME LOAN MORTGAGE
CORPORATION,

        Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANTS U.S. BANK, N.A.
AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION
TO DISMISS (#5) AND DISMISSING DEFENDANT EMPIRE
FINANCIAL NETWORK WITHOUT PREJUDICE

On August 24, 2012, plaintiff filed this action in Wayne County Circuit Court asserting claims relating to his mortgage foreclosure. On September 27, 2012, plaintiff filed a first amended complaint. In his first amended complaint, plaintiff asserts claims of fraud (count I), breach of fiduciary duty (count II), rescission and/or reformation (count III), quiet title (count IV), violations of the Truth in Lending Act (count V), violations of the Credit Repair Organizations Act (count VI), violations of the Michigan Mortgage Brokers, Lenders and Servicers Act (count VII), injunctive relief (count VIII), and recoupment (count IX). On October 12, 2012, defendants U.S. Bank, N.A. and Federal Home Loan Mortgage Corporation removed the case to this court. On October 19, 2012, defendants U.S. Bank, N.A. and Federal Home Loan Mortgage Corporation filed a motion to dismiss. The motion has been fully briefed. Oral argument occurred at a hearing on the motion on January 28,

2013. For the reasons that follow, the court GRANTS defendants' motion to dismiss and DISMISSES the claims against defendants U.S. Bank, N.A. and Federal Home Loan Mortgage Corporation.

Defendant Empire Financial Network has not been served or appeared in this matter. Plaintiff indicated that he believes Empire Financial Network is now defunct. The court therefore DISMISSES Empire Financial Network without prejudice.

BACKGROUND

On January 13, 2003, plaintiff executed a mortgage and a promissory note for property at 41703 Cherry Hill, Canton, Michigan. Defendant Empire Financial Network is the original mortgagor. The mortgage is now serviced by defendant U.S. Bank. U.S. Bank initiated foreclosure by advertisement proceedings after default and a foreclosure sale on July 13, 2011 resulted.[1] Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") bought the property. The redemption period expired and plaintiff did not redeem the property. On January 20, 2012, Freddie Mac initiated eviction proceedings. On June 1, 2012, Freddie Mac and plaintiff entered into a lease agreement. After plaintiff defaulted on the lease agreement, Freddie Mac reinitiated eviction proceedings.

In this case, plaintiff asserts nine counts based on allegations that, at the January 2003 closing of the mortgage loan, he was defrauded by: (1) failing to receive the benefit

---

[1] Plaintiff's first amended complaint alleges two different dates for the Sheriff's Sale. In Count IV, plaintiff asks that the July 13, 2011 Sheriff's Sale be set aside. In Count VIII, plaintiff alleges a Sheriff's Sale took place on February 16, 2012. However, it appears the reference to the second date is merely plaintiff's error, perhaps taken from another complaint filed by plaintiff's attorney. The Sheriff's Deed confirms a July 13, 2011 sale.

of $24,648.58 in cash; (2) failing to receive a lower interest rate; and (3) receiving an inflated appraisal of the property.

Defendants filed a motion to dismiss. Defendants argue plaintiff's claims fail because: (1) the loan terms were disclosed to plaintiff at the time of the closing; (2) the applicable statute of limitations on all claims have expired; (3) the Credit Repair Organizations Act and the Michigan Mortgage Brokers, Lenders and Servicers Licensing Act do not apply to defendants; and (4) the injunctive relief and recoupment claims do not state valid causes of action. Plaintiff filed a cursory response, failing to address defendants' arguments that the Michigan Mortgage Brokers, Lenders and Servicers Licensing Act does not apply to defendants and that the injunctive relief and recoupment claims do not state valid causes of action. As to the remainder of the claims, plaintiff argues: (1) plaintiff was the victim of fraud; (2) the statute of limitations are inapplicable; and (3) U.S. Bank is liable under the Credit Repair Organizations Act. Plaintiff asserts that the required Truth in Lending Act disclosures were not "timely provided." He also claims he was never provided a good faith estimate. Plaintiff asserts that fraudulent inducement of the mortgage and note render them voidable at his option.

At the January 28, 2013 hearing, plaintiff agreed to the dismissal of counts VII, VIII, and IX. Those claims are therefore DISMISSED.

STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The pleading must provide "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." Id. Although the complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level[.]" Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009). The well-pleaded facts must permit an inference of more than a mere possibility of misconduct. Id. at 1950.

Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." However, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Center, Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335-36 (6th Cir. 2007). In addition, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." Id. at 336. If the motion is treated as one for summary judgment, all parties must be given a reasonable opportunity to present all the material that is relevant to the motion.

ANALYSIS

Plaintiff asserts fraud, rescission, quiet title, TILA, and Credit Repair Organizations Act claims against the moving defendants. All of these claims are based upon actions surrounding the closing of the mortgage on January 13, 2003. Plaintiff asserts that he was supposed to receive cash from the sale but "did not receive the benefit of this full amount."

Plaintiff alleges he "was placed into a higher interest rate loan" and that his home "was appraised at a value higher than market in order to close the loan." Plaintiff also asserts that his TILA disclosures were not timely provided but fails to identify which required disclosures were not provided to him. These allegations all involve acts which allegedly occurred in January 2003. Because plaintiff did not file suit until August 24, 2012, defendants argue all the claims are time-barred.

Under Michigan law, the statute of limitations for a fraud claim is six years. MCL § 600.5813. The time period begins to run when the fraud is perpetrated, not when it is discovered. See Boyle v. General Motors Corp., 468 Mich. 226, 232 (2003); MCL § 600.5827 ("[T]he claim accrues at the time the wrong upon which the claim is based is done regardless of the time when damage results.") Plaintiff's equitable claims, count III for rescission/reformation and count IV for quiet title, also sound in fraud and therefore the six-year statute of limitations applies. All of the factual allegations supporting these claims occurred in January 2003. Because this case was not brought by January 2009, defendant argues plaintiff's fraud, rescission, and quiet title claims are time-barred.

Plaintiff also brings a claim for damages and rescission under TILA. A TILA claim for damages must be brought within one year of "the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A TILA claim for rescission must be brought within three years from the consummation of the loan transaction. 15 U.S.C. § 1635(f). Pursuant to these provisions, defendants argue plaintiff's TILA claim is barred.

Plaintiff asserts a claim under CROA, alleging defendants violated the statute by misrepresenting his income. The CROA has a five-year statute of limitations beginning "on

the date of the occurrence of the violation involved." The alleged violation in this case took place in January 2003. Defendants therefore argue the CROA claim is barred.

In response, plaintiff argues the statute of limitations do not bar his claims because the time period should be tolled due to "fraudulent concealment." To show "fraudulent concealment", a plaintiff "must affirmatively plead with particularity: '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of the cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'" Reid v. Baker, No. 11-5473, 2012 WL 3893122, *7 (6th Cir. Sept. 7, 2012) (unpublished), quoting Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir. 1975). While plaintiff makes the general assertion of fraudulent concealment, he fails to support it with any factual allegations. He claims he did not receive timely disclosures but fails to identify which disclosures he did not receive. He does not dispute that he received and signed various documents containing the loan terms. He modified his loan terms more than once and would have reviewed relevant documents in the process. He simply has not sufficiently alleged fraudulent concealment. As such, the court will not toll the limitations period.

Because plaintiff did not file this suit until 2012, his claims for fraud (six years), equitable theories based on fraud (six years), violations of TILA (one year for damages; three years for rescission), and violations of the Credit Repair Organizations Act (five years) are time-barred. In addition, as defendants argue, laches may also bar plaintiff's equitable claims because plaintiff has not demonstrated that he diligently pursued his claims and that defendants would not now be prejudiced.[2]

---

[2] Because the Credit Repair Organizations Act claim is time-barred, this court need not address the argument that the Credit Repair Organizations Act does not apply to U.S. Bank because U.S. Bank is not a "credit repair organization."

For the reasons set forth above, defendants' motion to dismiss is GRANTED and plaintiff's claims against defendants U.S. Bank and Federal Home Loan Mortgage Corporation are DISMISSED. Plaintiff's claims against defendant Empire Financial Network are DISMISSED without prejudice.

Dated: March 5, 2013

>　　　　　　　　　　　　　　　s/George Caram Steeh
>　　　　　　　　　　　　　　　GEORGE CARAM STEEH
>　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 5, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---